## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

NORTON LILLY INTERNATIONAL,
INC.,

Plaintiff,

v.

PUERTO RICO PORTS AUTHORITY,

Defendant.

CASE NO. 18-1012 (GAG)

## OPINION AND ORDER

Norton Lilly International, Inc. ("NLI") sued Puerto Rico Ports Authority ("PRPA"), demanding $1,769,408.57 in outstanding dues. (Docket No. 18 at 16). NLI seeks declaratory judgment that it does not owe monies to PRPA under 28 U.S.C. § 2201 and Rule 57. FED. R. CIV. P. 57. Presently before the Court is PRPA's motion to dismiss under Rule 12(b)(1) and 12(b)(6). See Docket No. 25; FED. R. CIV. P. 12(b)(1), and 12(b)(6). For the reasons discussed below, the Court **DENIES** PRPA's motion to dismiss.

### I.    Relevant Factual Background

NLI is a private corporation that provides port and vessel agency services to owners and operators of vessels in Puerto Rico. (Docket No. 18 at ¶¶ 5, 8). PRPA is a public corporation established under Puerto Rico law, which operates and manages marine transportation services in Puerto Rico. Id. at ¶ 9. PRPA approves regulations—referred to as "tariffs"—that establish the charges assessed for use of PRPA's facilities, such as port services and docking. Id. at ¶¶ 10, 13. Tariff M-1-7 was effective from December 2010, to January 2017, when it was replaced by tariff M-1-8. Id. at ¶¶ 11-12; see also Docket Nos. 12-1, 12-2. NLI has fully adhered to both tariffs as a "Ship or Vessel Agent," "including timely and proper payment of PRPA bills for port services."

**Civil No. 18-1012 (GAG)**

See Docket No. 18 at ¶¶ 13-14. According to NLI's records, NLI has no outstanding dues for port services or other payments deriving from PRPA's tariffs. Id. at ¶ 14.

On March 13, 2018, PRPA sent a letter to NLI alleging an outstanding balance of $1,769,408.57, but failed to identify the owed fees. Id. at ¶ 15; see Docket No. 12-6. However, NLI claims it is under no obligation to pay the $1,769,408.57 that PRPA demands. (Docket No. 18 at ¶ 16). NLI disapproves of PRPA's statement of arrears and alleges that this discrepancy creates immediate and redressable injuries in fact including, but not limited to:

1. As per Tariff 13.2, accrual of interest at a rate of 18% per annum has and will continue to accrue;
2. PRPA's excessive and invalid claims affect NLI's credit lines as they risk being found in default of their credit terms due to a perceived, yet unreal, failure to meet credit performance standards;
3. Board of Directors must disclose to auditors all pending, unresolved liabilities, which could negatively affect their expressed opinions;
4. Negative expressed opinions by NLI's auditors due to PRPA's inaccurate, excessive and invalid claims;
5. PRPA will file suit against NLI for unpaid fines and penalties as required by the Docks and Harbors Act of 1968, 23 Laws of P.R. Ann. § 2203;
6. As per Tariffs 6.4.1 and 8.9, PRPA may at any time detain a vessel owned by one or more of NLI's principals thereby causing great damage to NLI, NLI's principal, and commerce;
7. As per Tariff 6.4.2, PRPA may at any time deny approval of a Docking Permit Request or the renewal of a docking permit made by NLI on behalf of its principals, thereby causing great damage to both NLI and its principals;
8. As per Tariff 13.4, PRPA may at any time cancel NLI's credit privileges; and
9. As per Tariff 13.4, PRPA may collect the alleged outstanding NLI's balances from NLI's pledges, bonds or guarantees.

Id. at ¶ 17. NLI requests declaratory relief that will permit it to cancel or pay PRPA's claims, release the surety on its bond insuring payment of PRPA's tariff charges, and avoid an increase of interest, payments and penalties related to PRPA's claims. Id. at ¶ 19.

## II.   Standard of Review

Under FRCP 12(b) (1) a party may assert the defenses of lack of subject matter jurisdiction, Fed.R.Civ.P.12(b)(1). This rule is a large umbrella, overspreading a variety of diverse types of challenges to subject-matter jurisdiction. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st

**Civil No. 18-1012 (GAG)**

1 Cir. 2001). Once a jurisdictional challenge has been raised under FRCP 12(b)(1), Plaintiff must

2 demonstrate the existence of the Court's jurisdiction. <u>Puerto Rico Tel. v. Telecom. Regulatory Bd.</u>,

3 189 F.3d 1, 7 (1st Cir.1999).

4  Standing is a "threshold question in every federal case, determining the power of the court to

5 entertain the suit." <u>New Hampshire Right to Life Political Action Comm. v. Gardner</u>, 99 F.3d 8,

6 12 (1st Cir. 1996). The courts must dismiss the action if it determines at any time that it lacks

7 subject-matter jurisdiction, Fed.R.Civ.P.12(h)(3).

8  When considering a motion to dismiss for failure to state a claim upon which relief can be

9 granted, <u>see</u> FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process under

10 the current context-based "plausibility" standard established by the Supreme Court. <u>See</u> <u>Schatz v.</u>

11 <u>Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citing <u>Ocasio–Hernández</u>

12 <u>v. Fortuño–Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) which discusses <u>Ashcroft v. Iqbal</u>, 556 U.S. 662

13 (2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). First, the Court must "isolate and

14 ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash

15 cause-of-action elements." <u>Id.</u> A complaint does not need detailed factual allegations, but

16 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17 statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678–79. Second, the Court must then "take the

18 complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable

19 inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." <u>Schatz</u>, 669

20 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded

21 situation's plausibility is a context-specific job that compels the Court to draw on its judicial

22 experience and common sense. <u>Id.</u> (citing <u>Iqbal</u>, 556 U.S. at 678–79). This "simply calls for enough

23 facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary

24 element. <u>Twombly</u>, 550 U.S. at 556.

**Civil No. 18-1012 (GAG)**

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio–Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiffs. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). There is, however, a narrow exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id.; see Alternative Energy, Inc., 267 F.3d at 33–34. When a [pleading] rel[ies] upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss. Alternative Energy, Inc., 267 F.3d at 34; Beddall, 137 F.3d at 17; accord Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) (considering advertising material outside of the complaint in a motion to dismiss false advertising claim because material was "integral" to assessing the complaint's allegations).

Civil No. 18-1012 (GAG)

### III.    Discussion

PRPA moves to dismiss NLI's complaint under Rule 12(b)(1), claiming that NLI lacks standing to bring the declaratory action, and under Rule 12(b)(6), claiming that NLI fails to plead facts to support a claim entitling them to relief. See Docket No. 25 at 2. The Court **DENIES** PRPA's motion because NLI has alleged sufficient facts to show an actual and imminent injury, as well as a plausible claim for relief under the Declaratory Judgment Act.

A. Standing

The Declaratory Judgment Act states that, "[i]n a case of actual controversy within its jurisdiction[] any court of the United States[] may declare the rights and other legal relations on any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and "Controversies' that are justiciable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937)). To satisfy Article III standing, a case or controversy must "be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, 549 U.S. at 127 (internal citations omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id.; see Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Although declaratory judgment should not be granted "in speculative situations," Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962), "a litigant 'does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending

Civil No. 18-1012 (GAG)

that is enough.'" State of R.I. v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994) (quoting Pacific Gas & Elec. Co. v. State Energy Resourced Conserv. & Dev't Comm'n, 461 U.S. 190, 201 (1983)).

The remedy of a declaratory judgment "is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued." WRIGHT & MILLER, 10B FED. PRAC. & PROC. CIV. § 2751 (4th ed. 2018). Hence, the Declaratory Judgment Act "allows prospective defendants to sue to establish their nonliability." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959) (citing 28 U.S.C.A. §§ 2201-2202).

NLI seeks declaratory relief and its case fits squarely with the requirements and purpose of the Declaratory Judgment Act. NLI faces a definite and concrete injury in the form of financial loss for what it deems inapplicable tariffs. The tariffs include a fee that exceeds $1 million, which would accrue interests at a double-digit annual rate, and could damage its credit. The alleged facts are not hypothetical, and "admit of specific relief through a decree of a conclusive character," namely, whether it owes the tariff or not. MedImmune, 549 U.S. at 127. Its stated purpose in bringing this action was to "allow it to: (a) write off or pay PRPA's claims; (b) discharge the surety on its bond insuring payment PRPA tariff charges, fees, fines, penalties, etc.; and (c) avoid accrual of interest, fines, and/or penalties related to PRPA's claims." (Docket No. 18 at ¶ 19). NLI appears to be in the very predicament for which the Declaratory Judgment Act was intended to grant relief. Therefore, Defendant's motion to dismiss for lack of standing is **DENIED**.

B. Sufficiency of Plaintiff's Allegations

The sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted. FED. R. CIV. P. 12(b)(6).

Civil No. 18-1012 (GAG)

In this case, NLI shows sufficient facts that state a redressable claim because PRPA threatened NLI with $1,769,408.57 in arrears while NLI avers it owes nothing. (Docket No. 18 at ¶ 16). In its complaint, NLI states that its records show no outstanding invoices for port services or other charges arising out of PRPA's tariffs, and that NLI has fully complied with the tariffs, including proper and timely payment. Id. at ¶ 14. However, PRPA asserts that NLI owes $1,769,408.57, but fails to identify the relevant outstanding invoices that make up the total balance. Id. at 15; (Docket No. 12-6). These facts establish that this situation has created several imminent and redressable injuries for NLI, which include: accrual of interest at a rate of 18% per annum, diminution of NLI's credit value, interruption of NLI's business, and exposure to lawsuits. (Docket No. 18 at ¶ 17). Consequently, NLI faces imminent harm stemming from PRPA's actions, which a declaratory judgment could grant relief from. Therefore, Defendant's motion to dismiss for failure to state a claim is **DENIED**.

## IV.     Conclusion

For the reasons discussed above, the Court **DENIES** PRPA's motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim.

**SO ORDERED.**

In San Juan, Puerto Rico this 17th day of October, 2018.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge